## OCEANO MAZZEI v. JERRY H. BENNETT AND NUCAR FORWARDING CORPORATION.

Decided March 19, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the defendant Jerry H. Bennett, *George S. Hobart* and *Harold F. Dorgeval.*

For the defendant Nucar Forwarding Corporation, *John A. Laird.*

For the plaintiff, *Theodore Strong.*

PER CURIAM.

The plaintiff was a passenger in a bus owned by the defendant Bennett and was injured in a collision between it and a truck and trailer owned by the other defendant, the Nucar Forwarding Corporation. The accident happened shortly after sunrise in November, 1926. The bus came down Franklin street, in the city of New Brunswick, to the Lincoln Highway and turned into the highway. The truck of the forwarding corporation was coming down the Lincoln Highway in the same direction in which the driver of the bus turned. The collision occurred near the intersecting corner, the truck striking the rear of the bus. The claim of the plaintiff was that the accident was the result of the joint carelessness of the drivers of these two vehicles, and the jury awarded him $5,000 against the defendants jointly. Each of the defendants applied for a rule to show cause. The trial court allowed the defendant Bennett a general rule, and granted to the Nucar Forwarding Corporation a rule reserving all exceptions.

Taking up the Bennett case first—The principal contention is that the verdict imposing liability on him was against the clear weight of the evidence. Our examination of the testimony leads us to the conclusion that it was not, and that the jury was justified, after a consideration of all the proofs submitted, in imposing liability upon him.

It is further contended that the court should have directed a verdict in favor of Bennett, because there was no negligence in the operation of the bus proved. What we have already said disposes of this contention.

Next, it is argued that the court erroneously charged the jury that, as the plaintiff was a passenger for hire in the bus of Bennett, the obligation rested on the driver to use a high degree of care for his safety. We consider the instruction accurate. In delivering it, the trial judge followed the decision of the Court of Errors and Appeals in the case of *Schott* v. *Weiss*, 92 *N. J. L.* 494.

Next, it is contended that there was error in the refusal of the court to charge the jury that punitive damages could not

be allowed as against the owner of the bus. This contention is based upon a misapprehension of fact.

The court, after referring to the question of punitive damages, concluded its statement in that regard with the following words: "So your damages will be limited to such as will compensate the plaintiff for injuries which he has received."

Next, it is argued that there was error on the part of the trial court in refusing to charge the jury on the subject of proximate cause or to define the meaning thereof. There was no such refusal. Counsel for Bennett took an exception to the charge for the alleged failure of the court to instruct the jury upon this point, but did not submit any request for such instruction. The defendant, therefore, cannot now take advantage of such failure on the part of the court, even if it existed. *Liberman* v. *Drill,* 94 *N. J. L.* 387.

The only other point argued is that the amount of damages awarded—namely, $5,000—is excessive. Our examination of the testimony leads us to the conclusion that this contention is justified. If the plaintiff will consent to have his verdict reduced to $3,000, he may enter judgment for that amount. Otherwise the rule to show cause allowed Bennett will be made absolute.

Taking up the rule allowed the Nucar Forwarding Corporation: The only grounds argued by its counsel are that the verdict is against the weight of the evidence on the question of liability and that it is excessive. What we have said with relation to the rule allowed to Bennett is dispositive of these matters. If the plaintiff will consent to reduce the verdict against both defendants to $3,000, this rule will also be discharged. Otherwise it will be made absolute.